IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-73-FL

| ARTHUR O. ARMSTRONG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| BEVERLY PURDUE, | ) | |
| EUGENE CONTI, | ) | |
| N.C. Dept. of Transportation, | ) | |
| JOHN DOE, NCDMV, | ) | |
| ROY COOPER, Attorney General Office, | ) | |
| JOHN H. MANLEY, | ) | |
| HARRY PATRICK DOLAN, | ) | |
| Police Department | ) | |
| DONNIE HARRISON, | ) | |
| WAYNE V. GAY, Sheriff's Office | ) | |
| COLON WILLOUGHBY, | ) | |
| ROBERT EVANS, District Attorney Office, | ) | |
| and LOFTON, Bail Bondsman Office, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's complaint (D.E. 1) filed 16 February 2011. This court previously entered a pre-filing injunction against plaintiff in *In re Armstrong*, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. 18 Jan. 2006), *aff'd*, No. 06-1191 (4th Cir. 20 Apr. 2006) ("pre-filing injunction"). Pursuant to that injunction, "[a]ny complaint which plaintiff files . . . must allege all facts with specificity." *Id.*, 2006 WL 3408237, at *3 ¶ 5(b). The pre-filing injunction also requires the court to determine if the complaint is "repetitious and/or frivolous." *Id.* ¶ 5(c).

In his complaint, plaintiff has not alleged all facts with specificity and, from the limited the facts that are alleged, the court concludes that plaintiff's complaint is frivolous. Therefore, in

accordance with the pre-filing injunction, it is RECOMMENDED that the court enter an order providing as follows:

    (1) the complaint is DISMISSED;

    (2) plaintiff is SANCTIONED $350.00 (the amount of the filing fee); and

    (3) the court finds that an appeal from this order would be frivolous.

*See, e.g.*, Dismissal Order (D.E. 2), *Armstrong v. North Carolina*, No. 5:09-CV-58-BR (6 Mar. 2009) (dismissal order comparable to that recommended also based on the pre-filing injunction).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 9th day of August 2011.

James E. Gates
United States Magistrate Judge